UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ, <br> Secretary of Labor, <br> United States Department of Labor, | ) <br> ) <br> ) <br> ) | FILE NO. |
| Plaintiff, | ) <br> ) <br> ) | _____ |
| v. | ) <br> ) | |
| SOUTH FLORIDA EMERGENCY <br> PHYSICIANS, P.A. PROFIT SHARING PLAN, <br> SOUTH FLORIDA EMERGENCY <br> PHYSICIANS, INC., and LORN E. LEITMAN, | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | **C O M P L A I N T** <br> **(Injunctive Relief Sought)** |

Plaintiff **THOMAS E. PEREZ**, Secretary of Labor, **UNITED STATES DEPARTMENT OF LABOR** ("the Secretary") alleges as follows:

1.  This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and is brought to enjoin acts and practices which violate the provisions of Title I of ERISA, and to obtain appropriate relief and appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5).

2.  Jurisdiction hereof is conferred upon the Court by § 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue of this action lies in the Southern District of Florida pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. The South Florida Emergency Physicians, P.A. Profit Sharing Plan ("the Plan") is a single-employer employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to coverage under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

5. Defendant South Florida Emergency Physicians, Inc. (the "Company"), a Florida corporation providing urgent care medical services, is or was at all times relevant to this action the Employer, Plan Sponsor and Plan Administrator of the Plan and, therefore, a "fiduciary" within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a "party in interest" within the meaning of § 3(14) of ERISA, 29 U.S.C. § 1002(14)(A) and (C).

6. Defendant Lorn Leitman ("Leitman"), the President and sole living owner or officer of the Company, is or was at all times relevant to this action a named Trustee of the Plan and, therefore, a "fiduciary" within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a "party in interest" within the meaning of § 3(14) of ERISA, 29 U.S.C. § 1002(14)(A). Upon information and belief, Leitman is in the custody of the Federal Bureau of Prisons at FCI Miami, Federal Corrections Institution, P. O. Box 779800, Miami, FL  33177.

7.     According to the corporate records on file with the Florida Department of State Division of Corporations, the Company was administratively dissolved on September 24, 2010. Its last registered agent on file with the State of Florida was Lorn Leitman.

8.     Upon information and belief, the Company ceased operations before it was administratively dissolved and has no employees.

9.     The Company adopted the Plan on or around July 1, 1981 and funded the Plan with yearly discretionary employer contributions.

10.    The Company amended and restated the Plan on January 1, 1997.

11.    On or about April 24, 2007, Leitman executed an amendment to the Plan, terminating it effective July 1, 2006.

12.    Pursuant to the amendment terminating the Plan, the Plan's assets were to be distributed to participants as soon as administratively feasible after a final accounting and valuation of trust assets was completed.

13.    Leitman, as Trustee, has at all relevant times had the authority to direct the investment and distribution of the Plan assets.

14.    Charles Schwab & Company ("Charles Schwab") is and at all relevant times since November 1996, the custodial trustee for the Plan assets.

15.    On or about July 21, 2010, Leitman caused a wire transfer of $2,669.71 of Leitman's own Plan assets from the trust account with Charles Schwab to a

corporate checking account at Gibralter Private Bank and Trust Co. ("Gibraltar") held by the Company.  Leitman was the only signatory on the Gibraltar account.

16.   On or about July 21, 2010, Leitman caused a wire transfer of $210,787.32 in Plan assets belonging to participant Dr. Charles Sanz, from the trust account with Charles Schwab to the Gibraltar account.

17.  On or about July 21, 2010, Leitman caused a wire transfer of $4,483.72 in Plan assets belonging to participant Ronald Wind, from the trust account with Charles Schwab to the Gibraltar account.

18.   Between August 1, 2010 and December 6, 2010, Leitman transferred $175,000.00 from the Gibraltar account to a bank account at Chase Bank (formerly known as Washington Mutual), registered under the name Central Florida Medical Billing Services ("CFMBS").

19.   According to the Florida Department of State Division of Corporations, Leitman is the sole Officer and Director of CFMBS.

20.   Between July 21, 2010 and December 31, 2010, Leitman used the money transferred out of the Plan's trust account into the Gibraltar account, and then into the Chase account, for corporate and personal expenses.

21.   As a result of the transfer and use of Plan assets by Leitman, the Plan incurred losses of $217,892.55 and lost opportunity costs.

4

22. As of September 30, 2011, Charles Schwab held $791,838.81 in Plan assets for twenty-four (24) participants.

23. At the time of the wire transfers in July 2010, Leitman knew or should have known that the transfers were prohibited under ERISA section 406, 29 U.S.C. § 1106.

24. Upon information and belief, the Plan has not made distributions to the twenty-four (24) remaining Plan participants, following the termination of the Plan or their separation as required by the terms of the Plan documents.

25. On April 6, 2011, Leitman was convicted of mail fraud under 18 U.S.C. § 1341 in this court, Case 1:113C-10-20883-CR-GRAHAM-01.

26. On or about July 25, 2011, and while in federal custody, Leitman authorized a distribution to a Plan participant.

27. On or about August 22, 2011, the Employee Benefits Standards Administration, on behalf of the Secretary of Labor, sent Leitman a notice informing him that under Section 411 of ERISA, he was barred from serving in any employment benefit plan as an administrator, fiduciary, officer, trustee, custodian, counsel, agent, employee, or representative in any capacity, as a result of his mail fraud conviction.

28. On September 7, 2011, Leitman was convicted of embezzling $215,247.84, from the Plan under 18 U.S.C. § 664 in this court, Case 1:11-20407-CR-COOKE.

29. In causing or permitting the transfer of approximately $217,892.55 in Plan assets out of the custodial trust account, Leitman and the Company failed to discharge their duties with respect to the Plan to act solely in the interests of the Plan's participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries required by section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A).

30. By failing to make distributions after the Plan was terminated and employees were separated as required by the Plan documents, Leitman and the Company have failed to discharge their duties with respect to the Plan solely in the interests of the Plan's participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable Plan administration expenses as required by section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A).

31. In causing or permitting the transfer of approximately $217,892.55 in Plan assets out of the custodial trust account, Leitman and the Company violated their duty of prudence as imposed by section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B).

32. By failing to make distributions within a reasonable time of the Plan's termination as required by the Plan documents, Leitman and the Company have failed to discharge their duties in accordance with the documents and instruments

governing the plan as required by section 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D).

33. In causing or permitting the transfer of approximately $217,892.55 in Plan assets out of the custodial trust account and into bank accounts controlled solely by the Company and Leitman, Leitman and the Company caused the Plan to engage in a transaction, which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of a party in interest, of any assets of the plan in violation of section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D).

34. In causing or permitting the transfer of approximately $217,892.55 in Plan assets out of the custodial trust account and into bank accounts controlled solely by the Company and Leitman and assets subsequently used by Leitman for corporate and personal expenses, Leitman and the Company dealt with the assets of the Plan in their own interest or for their own account, in violation of section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1).

35. In causing or permitting the transfer of approximately $217,892.55 in Plan assets out of the custodial trust account and into bank accounts controlled solely by the Company and Leitman and funds subsequently used for corporate and personal expenses, Leitman and the Company acted with respect to the Plan on behalf of a party whose interests were adverse to the interests of the Plan or the interests of its

participants or beneficiaries, in violation of section 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

**WHEREFORE, Plaintiff prays that the Court:**

  A. Order that the Plan set off the individual Plan account of Defendant Leitman against the amount of losses, including lost opportunity costs, resulting from his fiduciary breaches, as authorized by § 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 1056(d)(4)), if the losses are not otherwise restored to the Plan by Defendants and reallocated to the non-breaching participants;

  B. Remove Defendants South Florida Emergency Physicians, Inc. and Leitman as the Plan fiduciaries and appoint an Independent Fiduciary to arrange for termination of the Plan and distribution of its assets;

  C. Order Defendants, jointly and severally, to pay all of the Independent Fiduciary's fees and expenses, other than transactional fees that would have been incurred by the Plan even if the Company and Leitman not been removed as Trustees;

  D. Permanently enjoin Defendant Leitman from serving as fiduciary, administrator, officer, trustee, custodian, agent, employee, or representative, or from having control over the assets of any employee benefit plan subject to ERISA;

E. Order Defendants South Florida Emergency Physicians, P.A., Lorn Leitman, and the Plan, jointly and severally, to restore to the Plan all losses, including lost opportunity costs and interest, and to disgorge all profits or financial benefit they realized as a result of the prohibited transactions and breaches of their fiduciary and co-fiduciary obligations;

F. Enjoin all Defendants from engaging in any further violations of Title I of ERISA;

G. Award Plaintiff the costs of this action; and

H. Provide such other relief as may be just and equitable.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
 (404) 302-5467
(404) 302-5438 (FAX)
E-mail:
paul.melanie@dol.gov
ATL.FEDCOURT@dol.gov (Primary)
Lewis.robert@dol.gov

SOL Case No. 12-03322

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel

By: *s/Melanie L. Paul*
     MELANIE L. PAUL
     Trial Attorney

     Office of the Solicitor
     U. S. Department of Labor
     Attorneys for Plaintiff.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, ) <br> Secretary of Labor, ) <br> United States Department of Labor, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOUTH FLORIDA EMERGENCY ) <br> PHYSICIANS, P.A. PROFIT SHARING PLAN, ) <br> SOUTH FLORIDA EMERGENCY ) <br> PHYSICIANS, INC., and LORN E. LEITMAN, ) <br> ) <br> Defendants. ) | FILE NO. <br><br> _____ |

### CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2013, I electronically filed a Complaint with the Clerk of Court using the CM/ECF system and caused a true and accurate copy of the same to be mailed to Defendants by U.S. first class mail proper postage affixed and addressed as follows:

> Courtney Montiero, Esq.
> Law Office of Richard C. Klugh
> 25 SE 2nd Avenue, Suite 1100
> Miami, FL  33131

> *s/ Melanie L. Paul*
> MELANIE L. PAUL
> Attorney for Plaintiff

10

11