UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | ) ) ) ) FILE NO. |
| Plaintiff, | ) 13-cv-23499-UU ) |
| v. | ) ) ) |
| SOUTH FLORIDA EMERGENCY PHYSICIANS, P.A. PROFIT SHARING PLAN, SOUTH FLORIDA EMERGENCY PHYSICIANS, INC., and LORN E. LEITMAN, AN INDIVIDUAL, | ) ) ) ) ) ) CONSENT JUDGMENT |
| Defendants. | ) |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Secretary of Labor, United States Department of Labor, pursuant to his authority under §§ 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*, ("ERISA") has filed a Complaint against Defendants South Florida Emergency Physicians, P.A. (hereinafter "the Company"), Lorn E. Leitman (hereinafter "Leitman"), and South Florida Emergency Physicians, P.A. Profit Sharing Plan (hereinafter "the Plan"). Defendants and the Secretary have agreed to resolve all matters in controversy in this action, except for the imposition by Plaintiff of any penalty pursuant to

ERISA § 502(l), 29 U.S.C. § 1132(l), and any proceedings related thereto, and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

    A.    The Secretary's Complaint alleges that Defendants breached their fiduciary duties with respect to the Plan by engaging in prohibited transactions by transferring Plan assets from the Plan account and using those assets for general business purposes and personal use, and failing to administer the Plan, violating provisions of §§ 404 and 406 of ERISA, 29 U.S.C. §§ 1104 and 1106, as set forth in the Complaint.

    B.    Defendants hereby admit to the jurisdiction of the Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

    C.    Defendants admit each and every allegation in the Complaint.

    D.    Defendants expressly waive any and all claims of whatsoever nature that they have or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding

and investigation incident thereto.

E.  Defendants Leitman and the Company admit that they were, at all times relevant to this action, acting as a fiduciary within the meaning of 11 U.S.C. § 523(a)(4). Defendants Leitman and the Company further admit that their conduct with respect to the Plan and with respect to Plan assets constitutes defalcation while acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4).

F.  Defendants expressly waive any and all claims of whatsoever nature that they have or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

G.  This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendants, with the exception of any potential civil money penalties that may assessed under § 502(l) of ERISA, 29 U.S.C. § 1132(l). This Order is not binding upon any government agency other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendants Leitman and the Company.

H.  The Secretary and Defendants expressly waive Findings of

Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED ADJUDGED AND DECREED** that:

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendants and their agents, servants, employees and all persons in active concert or participation with them be and they are hereby permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3. Defendants, with the exceptions as noted in paragraphs 5 and 6 below, be and they hereby are permanently enjoined from acting as a fiduciaries, trustees, agents, or representatives in any capacity to any employee benefit plan, as defined by ERISA.

4. As a result of their fiduciary breaches, Defendants have caused the losses to the Plan assets of non-fiduciary participants in the amount of $215,222.84 plus lost opportunity cost in the amount of $22,105.29, calculated at the higher of the applicable Internal Revenue Code section 6621 Rate or the

Plan's rate of return, as of June 30, 2013, for which Defendants are jointly and severally liable.

5. Defendants shall make restitution to the Plan in the sum of $237,328.13, plus post-judgment interest, in accordance with 28 U.S.C. § 1961, which shall accrue from the date of entry of this Order until paid in full. The restitution shall be allocated to the accounts of Dr. Charles Sanz and Ronald Wind, with the exception that none of said sum shall be allocated to the accounts of Defendant Leitman. In the event that Defendants fail to make restitution in the amount ordered, post judgment interest shall be assessed against any remaining unpaid balance of such amount, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full.

6. Defendant Leitman agrees to allow any participant interest that he may have in any existing or future assets of the Plan to be applied as an offset against the amounts that the Plaintiff has alleged are due to the Plan, as authorized by ERISA § 206(d)(4). The Plan document is hereby deemed amended to permit the distribution and offset of Defendant Leitman's participant interest, as provided herein. A full executed copy of this Consent Judgment and Order shall be maintained by the Plan administrator with all other documents and instruments governing the Plan. By her signature below, Alexandra

Leitman, spouse of Defendant Leitman, waives any claims that she may have for her spouse's benefits under the Plan with respect to her spouse's account, which will not be restored and/or may be redistributed to other participants, and acknowledges that she understands: (a) that the effect of such consent may be to forfeit the benefits that she would be entitled to receive upon her spouse's death; (b) that her spouse's waiver is not valid without her consent; and (c) that her consent is irrevocable upon the entry of this Order.

8. The penalty under § 502(l) is equal to 20 percent of the "applicable recovery amount" as that term is defined by ERISA. The parties agree that the "applicable recovery amount" is the amount specified in paragraph 5. Defendants are assessed a penalty of 20% of the applicable recovery amount pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l), and agree to waive notice of the penalty imposed by the Secretary. Unless Defendants apply for a waiver, they shall pay the applicable penalty within ten days. If Defendants apply for a waiver to reduce or eliminate the penalty amount pursuant to ERISA § 502(l)(3), 29 U.S.C. § 1132(l)(3), and are denied such waiver by the Secretary, the shall pay any applicable penalty amount within ten days of the Secretary's denial.)

9. Larry Lefoldt of Lefoldt & Co., P. A., 690 Towne Center Blvd.

Ridgeland, MS 39157 is appointed as successor fiduciary for the Plan and:

      a.    The successor fiduciary shall collect, marshal, and administer all of the Plan's assets and take such further actions with respect to the Plan as may be appropriate.

      b.    The successor fiduciary shall have all the rights, duties, and responsibilities of any fiduciary or trustee described under the Plan documents or the applicable law, with respect to the successor fiduciary's duties.

      c.    The successor fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law.

      d.    The successor fiduciary shall be entitled to receive reasonable fees and expenses for his services, payable from the assets of the Plan. Defendant Leitman shall be responsible for reimbursing the Plan for the entire successor fiduciary's reasonable fees and expenses with respect to services performed for the Plan. Prior to obtaining payment for services and expenses authorized pursuant to this consent judgment, the successor fiduciary shall file with the Court, with copies to all parties, invoices for such fees and expenses at such times and on such a schedule as the successor fiduciary, in his sole discretion, deems appropriate. Defendant acknowledges and agrees that the invoice will be considered properly delivered if it is deposited in the United

States mail, addressed to: Federal Bureau of Prisons at FCI Miami, Federal Corrections Institution, P.O. Box 779800, Miami, FL 33177, the address for serving Defendant Leitman.

        e.    If no party or the Court objects within 15 days of service of any invoice, full payment of such invoice shall be made by Defendants to the Plan, and received by the successor fiduciary, not later than the 16th day following the date of the invoice. Interest shall accrue on any past due amount at the rate of 18% per annum, compounded daily. Defendants shall be responsible for all costs, including reasonable attorneys' fees and expenses, incurred by the successor fiduciary and/or the Plan in the course of collecting such past due amounts. If any party or the Court objects to any payment, the matter should be resolved by the Court prior to payment.

        f.    Defendants shall deliver or otherwise make available to the successor fiduciary any information, documents, files or other compilations, wherever and however stored, that are reasonably necessary to perform the duties of the successor fiduciary.

        g.    The successor fiduciary is authorized to give instructions respecting the disposition of assets of the Plan.

        h.    The successor fiduciary in the performance of his duties

may retain such assistance as he may require, including attorneys, accountants, actuaries and other service providers;

  i. The payment of administrative expenses and all fees to the successor fiduciary, his assistants, attorneys, accountants, actuaries and other necessary service providers are to be considered priority administrative expenses of the Plan;

  j. The successor fiduciary or his agents, employees or representatives may not be held personally responsible for any claims against the Plan which existed, arose, matured or vested prior to the appointment of the successor fiduciary;

  k. The successor fiduciary is to comply with all applicable rules and laws.

  10. This Consent Judgment resolves all claims of Plaintiff's Complaint with the following exceptions:

  a. This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

  b. To the extent that Defendant Leitman pays the restitution ordered in Criminal Docket No. 1:11-20407-CR-COOKE in the U.S. District Court for the Southern District of Florida, that amount shall be applied to

offset the restitution amount in this Consent Order and Judgment.

        c.    This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

        11.    Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

This __8__ day of __Oct__, 2013.

_____
UNITED STATES DISTRICT JUDGE

DEFENDANTS SOUTH FLORIDA EMERGENCY PHYSICIANS, P.A. PROFIT SHARING PLAN; SOUTH FLORIDA EMERGENCY PHYSICIANS, INC.; LORN E. LEITMAN, AN INDIVIDUAL consent to entry of the foregoing Consent Judgment and Order

LAW OFFICE OF RICHARD C. KLUGH

*s/ Courtney Montiero*
COURTNEY MONTIERO
Florida Bar No. 73901

25 SE 2nd Avenue
Suite 1100
Miami, FL 33131
Tel. 305.536.1191
Fac. 912.536.2170
cmontiero@gmail.com

**SPOUSAL CONSENT:**
_____, wife of Defendant Lorn Leitman, hereby consents to entry of this Order, and specifically consents to the terms set forth in paragraph 7 of the Order.

State of _Florida_
County of _Dade_

SWORN TO and SUBSCRIBED before me this _11th_ day of _September_, 2013.

_[signature]_
Notary Public
My Commission Expires:_____
(SEAL)

GEORGINA M. RUIZ
MY COMMISSION # EE 091807
EXPIRES May 9, 2015
Bonded Thru Notary Public Underwriters

Personally known ✓ / ID Provided \_\_

PLAINTIFF, THOMAS E. PEREZ, SECRETARY OF LABOR, moves for entry of foregoing Consent Judgment and Order

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor
Georgia Bar No. 410642

ROBERT M. LEWIS, JR.
Counsel
Georgia Bar No. 451264

*s/ Melanie L. Paul*
MELANIE L. PAUL
Trial Attorney
Georgia Bar No. 142145

U. S. Department of Labor
Office of the Solicitor
61 Forsyth Street, SW, Room 7T10
Atlanta GA 30303
Tel. 404.302.5435
Fax 404.302.5438
Paul.Melanie@dol.gov
Atl.fedcourt@dol.gov
Lewis.robert@dol.gov
SOL Case Nos. 12-03322

M. Larry Lefoldt, C.P.A.
Independent Fiduciary

LEFOLDT & COMPANY, P.A.
Certified Public Accountants
690 Towne Center Blvd.
P.O. BOX 2848
Ridgeland, MS 39158
Telephone: 601.956.2374
Facsimile: 601.956.9232
www.lefoldt.com